Jonathan N. Vaknin, SBN 263642
Golden State Law Group, P.C.
591 Camino De La Reina, Suite 525
San Diego, CA 92108
Telephone:  (800) 467-3333 x 403
Facsimile: (619) 331-0911
jvaknin@goldenstatelawgroup.com

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>    WILLIAM C. HOLT<br><br><br>                         Debtor | ) Case No.    14-03701-CL13<br>)<br>) RESPONSIVE BRIEF TO ORDER TO<br>) SHOW CAUSE RE: DISMISSAL<br>)<br>)<br>)<br>)<br>)<br>) |

TO THE HONORABLE BANKRUPTCY COURT JUDGE CHRISTOPHER LATHAM:

Comes now the Debtor, William C. Holt, by and through his Attorney, Jonathan N.

Vaknin, in response to the Court's Order to Show Cause Why Debtor's Case Should Not Be

Dismissed.

**Application of Section 109(g)(2) May Be Suspended**

Section 109(g) makes an individual ineligible to be a bankruptcy debtor for 180 days

where: "(2) the debtor requested and obtained the voluntary dismissal of [their] case following

the filing of a request for relief from the automatic stay…"

The Ninth Circuit BAP has held that although Section 109(g)(2) is not jurisdictional, the

Court should only suspend its application in the most narrow and equitable situations.  *Leafty v.*

*Aussio Sonoran Capital, LLC* (*In re Leafty*), 479 B.R. 545, 551 (B.A.P. 9th Cir. 2012); see also

*Home Savings of Am., F.A. v. Luna* (*In re Luna*), 122 B.R. 575 (B.A.P. 9th Cir. 1991).

1

2          This is a case where we are confronted with a most narrow and equitable situation.  Mr.

3   Holt dealt with a number of situations nobody would every wish to experience while he was in

4   his prior Chapter 13 bankruptcy, such as job loss, providing care to his dying mother as she

5   battled cancer, assisting in the support of his stepfather's care in an Alzheimer's assisted living

6   center, as well as battling alcohol abuse.

7          Mr. Holt's already complicated life situation upon filing his prior Chapter 13 bankruptcy

8   became that much more complicated while he was in the thick of his prior case.  He was able to

9   bounce back after directly addressing his challenges, such as seeking care with respect to alcohol

10  abuse and becoming employed by his current employer.  Unfortunately, for Mr. Holt, the

11  setbacks he experienced while in his prior Chapter 13 bankruptcy truly set him back to a very

12  difficult point.

13         Mr. Holt's good faith commitment to successfully reorganizing his life through his

14  current Chapter 13 goes way beyond the proposed 100% plan where all the unsecured creditors

15  will be made whole and all arrears on his secured debts will be fully paid.  His good faith

16  commitment is substantiated by his successful efforts in becoming re-employed and achieving

17  sobriety for over a year.

18         This repeat filing was not in bad faith, it wasn't abuse, it wasn't gamesmanship and it

19  wasn't the sort of act Congress intended to prevent.  It is a filing that occurred in a person's

20  effort to overcome all the obstacles that came at him head-on rather than to play games with his

21  creditors.

22

23         An example of discretionary relief from Section 109(g)(2)'s application that is factually

24  similar to Mr. Holt's case arose is  *In re Hutchins*, 303 B.R. 503 (Bankr. N.D. Ala 2003).  There,

25  the debtor filed for bankruptcy relief while she was current on her home mortgage.  *Id*. At 505.

She then fell behind due to unexpected tuition costs for her daughter and her estranged husband's failure to pay child support. *Id*. at 505-6.   This led to two stay relief motions, which debtor and the movant resolved consensually. *Id*.  The parties' resolution to the second motion allowed for stay relief without further order if debtor again defaulted. *Id*. at 506.  Debtor received an acceleration notice from movant for reasons unspecified in the opinion. *Id*.  She requested and obtained dismissal of her case and promptly re-filed two days later.  Id. at 505-6.

In deciding against mechanical application of Section 109(g)(2), the Court emphasized the debtor's commitment to pay her regular mortgage payments through the plan and to provide a 100 percent dividend to unsecured claim holders. *Id*. at 509.  It also focused on debtor's substantial equity in the residence, her stable employment and her expectation that her husband would make regular child support payments. *Id*. at 506, 509.  The Court noted that granting the two stay relief motions was not a foregone conclusion. *Id*. at 509.  Finally, the Court stated that an absurd result would obtain if the debtor received a more favorable result by failing to oppose a dismissal motion than by requesting dismissal herself. *Id*. at 508.

The facts in this case are similar in many respects to those in *In re Hutchins*.  Mr. Holt has represented that he has equity in his home, he has steady employment and proposes to provide a 100 percent dividend to the general unsecured creditors through his plan, while remaining current on his mortgage.

Through this repeat filing, Mr. Holt is trying to reorganize his life after experiencing many of the complications he dealt with during the time he was in his prior Chapter 13 bankruptcy.  Mr. Holt did not do this for the purpose of circumventing stay relief from the prior case.  Moreover, an absurd result would obtain if the Mr. Holt received a more favorable result by failing to oppose a dismissal motion than by requesting dismissal himself.

Pursuant to *In re Leafty*, *In re Luna*, and *In re Hutchins*, Mr. Holt is seeking an order that the Court suspends application of 109(g)(2) and allow this repeat filing to occur, with the protections of the Stay.

### The Court Has Authority to Allow a Repeat Filing

Pursuant to 11 U.S.C. Sec. 105(a), the Court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title.  Under this power, Mr. Holt seeks an order allowing this repeat filing to occur with the protections of the Stay.

Respectfully submitted,

/s/Jonathan N. Vaknin

Jonathan N. Vaknin, Esq. – Debtor's Counsel

4